UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN MARIE COLEMAN,

    Plaintiff,

v.                                 CASE No. 8:11-CV-1783-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-six years old at the time of the administrative hearing and who has an eleventh grade education, has worked as a plant supervisor and office clerk (Tr. 31-32, 47-48). She filed a claim for

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

Social Security disability benefits, alleging that she became disabled due to a spine fracture and disc disease (Tr. 128). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease of the lumbar spine and obesity (Tr. 20). She concluded that, with these impairments, the plaintiff is limited to light work with the following restrictions (Tr. 21):

> [T]he claimant can only stand/walk for 4 hours in an 8[-]hour workday with intervals of 1 hour. She can sit 6 hours in an 8-hour period. She can occasionally climb stairs, stoop or crouch. She should never climb ladders, ropes, scaffolds. The claimant can never kneel or crawl and must avoid the use of dangerous moving machinery and unprotected heights.

The law judge then determined that, with those limitations, the plaintiff could return to her past work as a plant supervisor (Tr. 23). The law judge therefore ruled that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on two related grounds. The plaintiff first argues that the law judge improperly dismissed her subjective complaints of pain. Next, the plaintiff asserts that the law judge failed to consider her work history in assessing her credibility. Neither of these contentions has merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be

expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case applied the Eleventh Circuit pain standard in evaluating the plaintiff's complaints of pain (Tr. 22). The law judge referred to the pertinent regulations and Social Security rulings governing the assessment of subjective complaints (Tr. 21). Moreover, she set forth the controlling principles (id.). This demonstrates that the law judge employed the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The law judge considered the plaintiff's testimony in her decision, and she specifically noted the plaintiff's complaints of back pain, leg pain and spasms, and problems with frequent falling (Tr. 21-22). Further, the law judge found that the plaintiff's degenerative disc disease of the lumbar spine, along with obesity, constituted a severe impairment (Tr. 20). Significantly, the law judge did not wholly discount the plaintiff's complaints of pain. After considering the plaintiff's testimony, along with the objective

medical evidence, the law judge limited the plaintiff to a restricted range of light work. Thus, the law judge accepted the plaintiff's subjective complaints to the extent they limited the plaintiff to the following degree (Tr. 21):

> [T]he claimant can only stand/walk for 4 hours in an 8[-]hour workday with intervals of 1 hour. She can sit 6 hours in an 8-hour period. She can occasionally climb stairs, stoop or crouch. She should never climb ladders, ropes, scaffolds. The claimant can never kneel or crawl and must avoid the use of dangerous moving machinery and unprotected heights.

The law judge, however, did not find credible the plaintiff's allegation of total disability.

In her credibility determination, the law judge gave a cogent explanation for declining to credit fully the plaintiff's complaints of pain. Specifically, the law judge stated (Tr. 22-23):

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

> The claimant's statements indicate that she can perform a variety of activities, but only for short periods. The claimant is alleging back pain and the record shows history of chronic back pain with degenerative disc disease on MRI examination, but the record does not show significant spinal stenosis or nerve root compression that would suggest greater limits. There has been pain management, but no history of a need for hospitalization or surgery. There is no reference to significant medication side effects. The claimant testified she has been seeing her physician every 4 months, but his latest records reflect no neurological deficit and state that her condition is stable; the latest findings indicate no tenderness or spasm (Exhibit 4F/22). The record was left open for submission of additional records from the treating physician, but none have been submitted. According to the claimant's testimony she is only being seen every 4 months, which suggests no acute deterioration.

The law judge added that the plaintiff "admitted she was not currently taking any pain medication" (Tr. 22). She also pointed out that "[m]usculoskeletal examination showed good lumbar spine range of motion, straight leg rising was negative and motor strength in the lower extremities were 5/5" (id.). The circumstances articulated by the law judge are sufficient to support rejection of the plaintiff's complaints of totally disabling pain. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

The plaintiff contends that her testimony and allegations of disabling pain are "well-supported by the record evidence, which showed consistent treatment for severe pain, and radiological and other objective evidence providing a basis for the pain" (Doc. 20, p. 7). This contention is unpersuasive. In the first place, it is not enough to show that evidence would support the complaints of pain; rather, the plaintiff must demonstrate that the evidence compels a finding that the plaintiff is totally disabled from the pain. See Adefemi v. Ashcroft, supra. Furthermore, the law judge found that the plaintiff suffered from pain and substantially restricted her functional capacity.

Consequently, the plaintiff must show that she had functional limitations from her conditions that were not included in the law judge's determination of the plaintiff's functional capacity. Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). In other words, it is the functional limitations that

determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, supra. Here, the plaintiff makes no effort to show how her impairments create a specific functional limitation beyond the law judge's residual functional capacity finding.

The plaintiff asserts that the notes of Dr. Geoffrey Stewart, an orthopedic specialist, support her credibility. In this regard, the plaintiff points to Dr. Stewart's statement that "[h]er back pain is probably a combination of her L1 fracture and degenerative disease in the discs around it. Her leg pain likely represents some intermittent radiculopathy from the disc bulging at the upper lumbar levels" (Doc. 20, p. 7; Tr. 189). This contention is without merit.

Contrary to the plaintiff's assertion, Dr. Stewart's notes, which are from 2006, support the law judge's credibility determination. In addition to the quotation cited by the plaintiff, Dr. Stewart reported that the plaintiff's "supine MRI does not show significant stenosis" (Tr. 189). He noted that the plaintiff had normal (albeit guarded) gait (id.). Dr. Stewart also found "[n]o deformity or postural abnormality" in the plaintiff's back, and his neurological examination revealed "[n]o focal weakness, loss of sensation or

incoordination" (id.). Finally, as the Commissioner points out (Doc. 21, pp. 8-9), Dr. Stewart did not indicate that the plaintiff's impairments caused any functional limitations.

The plaintiff quibbles with the law judge's reasons for finding that her subjective allegations are less than credible. However, the law judge, contrary to the plaintiff's contention (Doc. 20, pp. 7-8), could reasonably consider in finding that the plaintiff's pain was not disabling, the lack of significant spinal stenosis, nerve root compression, neurological deficits and tenderness or spasm.

Similarly, he could take into account the lack of hospitalization or surgery. The law judge could reasonably conclude that these circumstances indicate that the plaintiff's pain is not as great as the plaintiff alleges.

The plaintiff contends that the law judge improperly substituted her own opinion for that of the plaintiff's treating physician. Thus, the plaintiff argues that "[t]he ALJ, as a lay person, was not qualified to interpret raw medical dat[a] in functional terms" (id., p. 8). However, the law judge did not substitute a medical opinion but instead performed her duty to assess

the evidence in accordance with the regulations. 20 C.F.R. 404.1527. Since it is the law judge's responsibility as fact-finder to assess and weigh the evidence, including the medical evidence, this argument, which is asserted from time to time, is generally meritless. In this case, it is frivolous because there were no opinions from a treating or examining physician for the law judge to assess, and the law judge gave great weight to the opinion of the nonexamining reviewing physician (Tr. 22).

Finally, in a related issue, the plaintiff argues in a conclusory fashion that the law judge "failed to consider [her] strong work record in assessing her credibility" (Doc. 20, p. 9). This contention is meritless.[2] While the law judge did not discuss the plaintiff's work history specifically in the context of her credibility finding, she obviously considered the plaintiff's work history in making her decision (Tr. 21, 23). At the hearing, the law judge elicited testimony from the plaintiff and the vocational expert regarding the plaintiff's past relevant work (Tr. 33-35, 47-51). In addition,

---

[2]The Commissioner in his response seems to have missed the plaintiff's point (see Doc. 21, pp. 15-16). That is somewhat understandable in light of the cursory nature of the argument.

the plaintiff's earnings records are part of the administrative record (Tr. 109-23).

Notably, the plaintiff has not cited any authority suggesting that the law judge is required to discuss the plaintiff's work history in the context of a credibility determination. The regulation in that context mentions "prior work record" only in passing and did not include it in the list of specified factors. 20 C.F.R. 404.1529(c)(3). Furthermore, in this case, the plaintiff admitted that she stopped working, not because of a disability, but because she was laid off in a reduction-in-force (Tr. 35, 128). Consequently, the law judge's credibility determination is not deficient because she did not discuss the plaintiff's work record in the course of that determination.

In sum, the law judge properly applied the Eleventh Circuit pain standard and, based on that standard, made a reasonable and adequately explained decision to decline to credit fully the plaintiff's subjective complaints. Moreover, the credibility determination is supported by substantial evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 6th day of August, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE